**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING**

**BRIAN LEE MORTON,**

> **Petitioner,**

**v.**                                                          **Civil Action No. 5:19cv245
                                                                 (Judge Bailey)**

**R. HUDGINS,**

> **Respondent.**

**REPORT AND RECOMMENDATION**

**I. Introduction**

On August 19, 2019, the *pro se* Petitioner, Brian Morton, an inmate incarcerated at FCI Gilmer in Glenville, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence imposed in the Eastern District of Virginia. The Petitioner paid the $5 filing fee on October 15, 2019.

The matter is assigned to the Honorable John Preston Bailey, United States District Judge, and is referred to the undersigned United States Magistrate Judge for initial screening and to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**II. Factual and Procedural History[1]**

---

[1] The facts are taken from the Petitioner's criminal Case No. 4:11-cr-00099-HCM-FBS in the United States District Court for the Eastern District of Virginia, available on PACER.  Unless otherwise noted, the ECF entries in this section refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

On November 7, 2011, the petitioner was one of two defendants named in a four-count Indictment.   The petitioner was named in Counts One and Three. Count One charged the petitioner with engaging in a conspiracy to distribute heroin from 2000 to November 2011 in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(i). Count Three charged the petitioner with possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and (B)(1)(C) and 18 U.S.C. § 2.

In February of 2012, following a five day jury trial, the petitioner's co-defendant was found not guilty of Count Four.  However, the jury was unable to reach a verdict on the remaining counts. The court declared a mistrial and granted the government's motion to retry the case. ECF No. 53.

In April of 2012, following a  four day jury trial, the petitioner was found guilty on both Counts One and Three. With respect to Count One, the jury found that the total amount of heroin chargeable to the petitioner was 1 kilogram or more. ECF No. 101.

On January 26, 2012, prior to trial of the case, the United States filed a criminal information and notice pursuant to 21 U.S.C. § notifying the petitioner that due to his prior felony drug conviction, if convicted of Count One, he was subject to the enhanced sentencing provisions of 21 U.S.C. § 841(b)(1)(A), to wit: a statutory mandatory minimum sentence of twenty years, a statutory maximum sentence of life imprisonment, a maximum fine of $20.000,000 and at least ten years of supervised release. In addition, the petitioner's prior felony drug conviction raised the penalties on Count three to a statutory maximum of thirty years, followed by a term of at least six years of supervised release. Count Three did not involve, even with the enhancement, any statutory mandatory minimum term of imprisonment. ECF Nos. 42, 114 at p. 3.

A Presentence Investigation Report was prepared. The probation officer attributed the petitioner with approximately 1.5 kilograms of heroin, resulting in a base offense level of 32. Following his arrest, the petitioner waived his constitutional rights under Miranda and admitted selling heroin, even identifying his heroin customers from the contacts directory of his phone. At trial, various witnesses testified that the petitioner regularly sold heroin to them and two witnesses testified that they supplied him with distribution quantities of heroin. However, the petitioner testified at trial that all the witnesses had lied about his involvement in selling heroin. Based on this false testimony at trial, the probation officer attributed a two-level enhancement for attempting to obstruct or impede the administration of justice pursuant to U.S.S.G. § 3C1.1. With an adjusted offense level of 34 and criminal history category of IV, the petitioner's advisory guideline range was 210 months to 262 months, with a restricted range of 240 months to 262 months.

On July 12, 2012, judgment was entered committing the petitioner to the custody of the BOP for a term of 258 months on Count One and a term of 240 months on Count Three, all to be served concurrently. ECF No. 127. The petitioner and his co-defendant appealed, and the appeals were consolidated. They challenged their convictions of several heroin distribution offenses, arguing only that  the evidence was insufficient to convict them. First they contended that the Government failed to prove that their conspiracy offense involved a kilogram  or more of heroin and relied on United States v. Hickman, 626 F.3d 756 (4th Cir. 2010), which observed that the trier of fact "may not simply guess at the magnitude or frequency of unknown criminal activity or base a conclusion as to the amount of drugs involved in a conspiracy upon "[u]nbridled

speculation." Id. at 768-69.    However, the Fourth Circuit concluded that the circumstances presented in Hickman were not remotely similar to those presented in the petitioner's case and specifically noted that one of the Government's witnesses testified that he sold the petitioner and his codefendant heroin and was "confident" that he had sold them more than one kilogram of heroin during the course of the conspiracy. The petitioner and his codefendant also argued that the Government failed to prove either of them intended to distribute the bags of heroin with which they were caught when arrested, rather than for their own use. The Fourth Circuit concluded that the jury simply found otherwise, based on an ample record. Accordingly, the judgment of the district court was affirmed. ECF No. 154.

On October 15, 2015, pursuant to 18 U.S.C. § 3582(c), based on the amendments to the Sentencing Guidelines regarding drug calculations, the petitioner's sentence on Count One was reduced to 240 months. ECF No. 190. The petitioner's current projected release date via good conduct time is July 24, 2028. See www.bop.gov/inmateloc/.

### III. Instant § 2241 Petition

The petitioner attacks his sentence and alleges that "in light of recent cases involving, what can be named a 'ghost dope,'" a mandatory sentence of 240 months involves a fundamental defect. The petitioner maintains that he satisfies the savings clause established in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018) and appears to rely solely on United States v. Hickman, the same case raised and rejected in his appeal. For relief, the Petitioner requests that this court vacate his sentence and order resentencing at the corrected drug amount.

4

### IV. Legal Standard

**A.     Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of Respondent.

**B.     Post-Conviction Remedies and Relief**

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the

execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by prison officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."  Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[2] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

---

[2]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

a.  The date on which the judgment of conviction becomes final;
b.  The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
c.  The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d.  The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one.  In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Further, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction."  United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)).  In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions."  Id. at 428.  When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255.  In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255

> motion, the aforementioned settled substantive law changed
> and was deemed to apply retroactively on collateral review;
> (3) the prisoner is unable to meet the gatekeeping provisions
> of § 2255(h)(2) for second or successive motions; **and** (4)
> due to this retroactive change, the sentence now presents
> an error sufficiently grave to be deemed a fundamental
> defect.

Wheeler, supra, at 429 (emphasis added).  The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.  Id.

## V. Analysis

Because Petitioner is not contesting his conviction, the Jones standard does not apply to his petition for relief. Instead, the Court must review Petitioner's challenge of his sentence under the four-part Wheeler test.  Because the Petitioner relies on Hickman, which was decided before his sentencing, the Petitioner cannot meet the second prong of the  Wheeler test, and he is not entitled to relief.[3] Moreover, the petitioner raised this same argument on appeal, and the Fourth Circuit rejected it.

Consequently, because Petitioner attacks the validity of his sentence and fails to establish that he meets the Wheeler requirements, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241. Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2000); In re Vial, 115 F.3d at 1194.

---

[3] Hickman was decided on direct appeal, and the undersigned has found no case involving collateral relief that has raised that decision. Therefore, even if Hickman had been decided after his sentencing, there is no authority for the proposition that it is retroactively applicable to cases on collateral review.

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, the petitioner may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: March 6, 2020

*/s, James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE