**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING**

**BRIAN LEE MORTON,**

        Petitioner,

**v.**                                   **CIVIL ACTION NO. 5:19-CV-245
(BAILEY)**

**R. HUDGINS,** Warden**,**

        Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

       The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 11].  Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R").  Magistrate Judge Mazzone filed his R&R on March 6, 2020, wherein he recommends the petition be denied and dismissed without prejudice.

**I.  BACKGROUND**

       The petitioner is a federal inmate incarcerated at FCI Gilmer in Glenville, West Virginia.  Petitioner, acting *pro se*, initiated this habeas corpus proceeding on August 19, 2019, pursuant to 28 U.S.C. § 2241, challenging the validity of his sentence.  On July 12, 2012, petitioner was sentenced to 258 months on one count of conspiracy to distribute heroin and 240 months on one count of possession with intent to distribute heroin, to be served concurrently.  [Doc. 11 at 2-3].  According to the BOP website, petitioner is scheduled to be released March 7, 2028.

       In his petition, petitioner argues that his sentence was a violation of due process

1

because the weights of heroin alleged were based on conjecture and speculation. [Docs. 1 & 1-1].  Petitioner relies heavily on *United States v. Hickman*, 626 F.3d 756 (4th Cir. 2010), to argue that his conspiracy charge was not supported by substantial evidence of the weight of heroin involved. [Doc. 1-1 at 4].  Further, petitioner contends that *Hickman* satisfies the jurisdictional requirements of the *Wheeler* test. Id. at 6.

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.  However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order.  28 U.S.C. § 636(b)(1);  *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989);  *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972);  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14)

2

days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure.  The petitioner then filed a Request for an Enlargement of Time to Object to the Report and Recommendation [Doc. 13], and this Court granted the Motion [Doc. 14].  Petitioner then timely filed his Objections to the Report and Recommendation [Doc. 16] on April 21, 2020.  Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review.  The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

Generally, 28 U.S.C. § 2255 provides the exclusive means for a prisoner in federal custody to test the legality of his detention.  However, § 2255(e) contains a savings clause, which allows a district court to consider a habeas petition brought by a federal prisoner under § 2241 where § 2255 is "inadequate or ineffective to test the legality" of the detention.  28 U.S.C. § 2255; *see also* ***United States v. Poole***, 531 F.3d 263, 270 (4th Cir. 2008).  The fact that relief under § 2255 is procedurally barred does not render the remedy inadequate or ineffective to test the legality of a prisoner's detention.  ***In re Jones***, 226 F.3d 328, 332 (4th Cir. 2000).  In the Fourth Circuit, a § 2255 petition is only inadequate or ineffective to test the legality of detention when:

> (1) [A]t the time of conviction, settled law in this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is not one of constitutional law.

***Poole***, 531 F.3d at 269 (quoting ***In re Jones***, 226 F.3d at 333–34).

The Fourth Circuit recently found that the savings clause may apply to certain

sentencing challenges.  It explained:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).  Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet either the *Jones* test (if challenging the legality of his conviction) or the *Wheeler* test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  *See Wheeler*, 886 F.3d at 423–26.

Here, the Magistrate Judge found that the petitioner is unable to meet the savings clause of § 2255; petitioner is challenging his sentence and is unable to meet the four-part *Wheeler* test.  Specifically, the Magistrate Judge found that the petitioner is unable to meet the second prong of the *Wheeler* test because the case he relies upon, *United States v. Hickman*, 626 F.3d 756 (4th Cir. 2010), was decided before his sentencing. [Doc. 11 at 8]. Because petitioner cannot meet the requirements of the savings clause, the Magistrate Judge recommended the petition be denied and dismissed without prejudice for lack of jurisdiction.

On April 21, 2020, petitioner filed his objections to the R&R [Doc. 16].  There, petitioner argues that the Magistrate Judge erred in finding that he could not meet the

second prong of *Wheeler* because the decision in *Hickman* "substantially changed the petitioner's case and/or sentence." [Doc. 16 at 3-4]. Petitioner further argues that *Hickman* applies retroactively. Id. As the petitioner points out, he was arrested in 2011. Id. at 2. *Hickman* was decided in 2010. Accordingly, this Court agrees with the Magistrate Judge that petitioner cannot satisfy the second prong of *Wheeler* because *Hickman* was not "subsequent to the prisoner's direct appeal and first § 2255 motion." Therefore, this objection is overruled. This Court lacks jurisdiction and must dismiss the petition.

## IV.  CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 11]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, the petitioner's objections **[Doc. 16]** are **OVERRULED** and the § 2241 petition **[Doc. 1]** is **DENIED** and **DISMISSED WITHOUT PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

5

**DATED**: April 23, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE